```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/8/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN A. ASUNCION,

                  Plaintiff.

-against-

BARD COLLEGE,

                  Defendant.

No. 20-cv-4061 (NSR)
**OPINION & ORDER**

---

NELSON S. ROMÁN, United States District Judge:

    Plaintiff John A. Asuncion ("Plaintiff"), proceeding *pro se*, brings this action under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000 et seq. and 42 U.S.C. § 1981, alleging that Defendant Bard College ("Defendant") discriminated against him on account of Plaintiff's race and sex. (Amended Complaint, ECF No. 6.) Before the Court is Defendant's motion to dismiss for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("Rule 41"). (ECF No. 25.)

    Plaintiff initiated this action on May 27, 2020, filing a complaint which included Title VII claims against three individual defendants. (ECF No. 2.) The Court ordered Plaintiff to cure his complaint because the Title VII claims were not viable against solely individual defendants. (ECF No. 5.) Pursuant to that Court order, Plaintiff filed an Amended Complaint on September 21, 2020, asserting discrimination claims against Defendant Bard College and abandoning claims previously asserted against individual defendants. (ECF No. 6.) Defendant filed an answer to the Amended Complaint on December 21, 2020. (ECF No. 13.) Plaintiff attempted to file a Second Amended Complaint on April 29, 2021, attaching the pleading in an email to the *Pro Se* Intake Unit. (ECF No. 30-1.) Plaintiff was unsuccessful. Plaintiff tried again on July 7, 2021, this time

successfully filing to the Second Amended Complaint to the docket. (ECF No. 16.) Plaintiff, however, had not received permission from the Court to file a Second Amended Complaint. The Court thus directed Plaintiff and defense counsel to confer regarding Plaintiff's proposed amended pleading. (ECF No. 18.) Defense counsel consented to Plaintiff's amendment in a letter to the Court dated August 9, 2021. (ECF No. 21.) In response to defense counsel's letter, Plaintiff again emailed the *Pro Se* Intake Unit to request it file the Second Amended Complaint attached to his email. (ECF No. 30-2.) In "Acknowledgement of Receipt" emails from the *Pro Se* Intake Unit dated April 29, 2021 and August 9, 2021, respectively, Plaintiff was warned that "if [his] document does not appear on the ECF docket within two business days, it has not met the required standards for electronic filing." (ECF Nos. 30-1, 30-2.) Despite this warning, the Second Amended Complaint was never filed to the docket. As such, over a year later, on August 31, 2022, Defendant sought leave to file the present motion. (ECF Nos. 22, 25.)

Dismissal for failure to prosecute is governed by Rule 41(b). Rule 41(b) states, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). "The 'primary rationale' for dismissal pursuant to Rule 41(b) is 'the failure of plaintiff in his duty to process his case diligently.'" *Gonzalez v. Comm'r of Social Security*, No. 09 Civ. 10179(RJS), 2011 WL 2207574, at *1 (S.D.N.Y. June 2, 2011).

Dismissal is a "harsh" remedy that should be imposed only in the most "extreme" situations. *See Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). The decision to dismiss pursuant to Rule 41(b) is left to the discretion of the district court. *See Nita v. Connecticut Dep't of Envtl.*

*Protection*, 16 F.3d 482, 485 (2d Cir. 1994). There are several factors that a district court should consider in determining whether to dismiss a case for failure to prosecute:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas*, 84 F.3d 532, 535 (2d Cir. 1996). "Generally, no one factor is dispositive." *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 194 (2d Cir. 1999) (citation omitted). "[W]hile *pro se* litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including *pro se*s, have an obligation to comply with court orders. When they flout that obligation, they, like all litigants, must suffer the consequences of their actions." *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988).

After weighing each of the five factors noted above, this Court determines that dismissal at this time is improper. With respect to the first factor, the Court finds it weighs slightly in favor of Defendant: although Plaintiff attempted to file the Second Amended Complaint, he did not confirm the complaint was indeed filed and instead allowed over a year to elapse without otherwise prosecuting the case. This Court presumes such delay prejudiced Defendant, and as such, this Court also finds the third factor cuts in Defendant's favor. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) ("Prejudice to defendants resulting from unreasonable delay may be presumed.") The second, fourth, and fifth factors, however, do not counsel dismissal. As to the second factor, as Defendant correctly observes, "Plaintiff has not received a warning that failure to properly participate in this action will result in dismissal." (ECF No. 26 at 4.) As to the fourth factor, although the Court does have a legitimate interest in managing its docket, the delay here has not caused an "extreme" congestion of this Court's docket. *See LeSane v. Hall's Sec.*

3

*Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001) ("There must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court."). Finally, as to the fifth factor, it is unclear whether lesser sanctions would be effective because the Court is yet to issue a warning to Plaintiff that failure to prosecute the case will result in dismissal.[1] In view of the foregoing, the Court denies Defendant's motion to dismiss for lack of prosecution.

## CONCLUSION

Defendant's motion to dismiss for lack of prosecution is DENIED.

Plaintiff, however, is warned that any future failure to comply with a court order or to otherwise prosecute the case may result in dismissal. Plaintiff is directed to file the Second Amended Complaint no later than June 6, 2023. Failure to timely file the Second Amended Complaint or otherwise show good cause for failure to do so will result in dismissal with prejudice of all claims. Plaintiff is further warned that it is Plaintiff's responsibility to ensure the complaint meets "the required standards for electronic filing." (*See* ECF Nos. 30-1, 30-2.) If Plaintiff files the Second Amended Complaint, Defendant is directed to answer or otherwise seek leave to move in response to the Second Amended Complaint no later than June 27, 2023.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 25.

SO ORDERED.

Dated: May 8, 2023
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge

---

[1] In addition, it appears Plaintiff has worked diligently with the New York Legal Assistance Group to draft a memorandum and supporting affidavit in opposition to Defendant's motion (ECF No. 29 at 1 n. 1 & ECF No. 30 at 1 n. 1); given Plaintiff's thorough participation in contesting the present motion, Plaintiff appears better prepared to prosecute the case moving forward.